IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIFFORD EATON,

                              Petitioner,                         OPINION AND ORDER

    v.

R.D. KEYES,                                                        21-cv-482-wmc

                              Respondent.

---

*Pro se* petitioner Clifford Eaton is a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Eaton has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence under *United States v. Mathis*, 136 S. Ct. 2243 (2016). Eaton's amended petition and supplemental brief (dkt. ##4, 6) are before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases, 28 U.S.C. § 2243. Additionally, the federal defender's office has appeared on behalf of Eaton and asks that the court stay this matter pending the United States Supreme Court's decision in *Jones v. Hendrix*, 21-851. (Dkt. #10.)[1]

As a threshold matter, the court denies the request for a stay as unnecessary because § 2241 has no statute of limitations and does not limit successive petitions. Therefore, if the *Jones* decision affords Eaton relief, he may renew this motion. Although the court would be inclined to dismiss his petition without prejudice, the petition is subject to dismissal

---

[1] Eaton's motion for appointment of counsel (dkt. #3) will be denied as moot.

with prejudice, under the Court of Appeals for the Seventh Circuit's decision in *Hawkins v. Coleman*, 706 F.3d 820, 823, *supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013), and its progeny.  In the interest of resolving Eaton's claim sooner rather than later, the court will direct Eaton's counsel to show cause as to why Eaton's claim falls outside of that line of cases.

BACKGROUND

The court draws the following background information from Eaton's petition and from judicial opinions from Eaton's criminal proceedings and appeal, *see United States v. Eaton*, No. 1:09-cr-103-DLH-1 (D.N.D.), and his motion to vacate under 28 U.S.C. § 2255, *Eaton v. United States*, No. 1:12-cv-84-DLH (D.N.D.).

In 2009, Eaton was charged in the District of North Dakota in an indictment with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The government filed a notice of its intention to seek a sentencing enhancement under 21 U.S.C. § 851, based on two prior felony drug convictions:    a 2004 conviction for possession of a controlled substance (methamphetamine) with intent to deliver; and a 1986 conviction for possession of a controlled substance (cocaine), in violation of Illinois Revised Statutes, 1983, as amended Ch. 56 ½, Section 1402(B).  Later, Eaton and the government entered into a plea agreement, and the district court accepted Eaton's guilty plea.

Prior to sentencing, the government filed a motion for downward departure based on substantial assistance, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  At

sentencing, the court determined that the government demonstrated beyond a reasonable doubt that Eaton's two prior felony drug convictions subjected him to a mandatory minimum of life imprisonment, but then granted the government's motion for a downward departure and further reduced his sentence due to time served in state custody for the same offense.  The court arrived at a sentence of 223 months' imprisonment.

On appeal, Eaton challenged the substantial-assistance reduction on the ground that the court improperly considered his criminal history, but the Court of Appeals for the Eighth Circuit affirmed his conviction and sentence.  *United States v. Eaton*, 442 F. App'x 552 (8th Cir. 2011).  Eaton filed a motion to vacate his sentence under § 2255, arguing that: (1) his trial counsel was ineffective, (2) the government acted in bad faith and engaged in misconduct during the sentencing hearing, and (3) the court erred in determining that the mandatory-minimum life sentence applied.  The district court denied that motion on July 24, 2013, and both the district court and the Eighth Circuit denied Eaton a certificate of appealability with respect to that motion.  On January 6, 2016, Eaton filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), and on January 19, 2016, the court granted that motion, reducing his sentence to 192 months.

OPINION

Eaton filed his petition with this court on August 2, 2021, arguing that his 1986 Illinois drug conviction does not qualify as a "felony drug offense" as defined by 21 U.S.C. § 802(44), in light of the United States Supreme Court's decision in *Mathis v. United States*,

136 S. Ct. 2443 (2016).  Therefore, Eaton contends, because he was improperly subjected to the life sentence, he is entitled to immediate release or resentencing.

The general rule for federal prisoners is that a collateral attack on a sentence must be brought under § 2255.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  A second or successive collateral attack under § 2255 is allowed only if the court of appeals certifies that it rests on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).  The Court of Appeals for the Seventh Circuit has held that arguments based on *Mathis* do not justify successive petitions under § 2255 and "must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016).

Under Seventh Circuit law, to succeed on a petition brought under § 2241, Eaton must meet the requirement of the so-called "savings clause" of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e).  *See In re Davenport*, 147 F.3d 605, 608–12 (7th Cir. 1998) (discussing the savings clause's purpose and development of case law). For the savings clause to apply, Eaton must demonstrate that "his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).  To show that his § 2255 remedy is "inadequate or ineffective," a federal prisoner must satisfy three conditions: (1) his petition is based on a rule of statutory law; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been grave enough to be deemed a miscarriage of justice. *Light v. Caraway*, 761

4

F.3d 809, 812–13 (7th Cir. 2014); *In re Davenport*, 147 F.3d at 611–12.  Although Eaton has a colorable claim that his *Mathis*-based petition satisfies the first two elements, it appears that his petition fails at the third.

Specifically, in *Hawkins*, 724 F.3d at 916, the court of appeals reaffirmed its previous holding in *Hawkins*, 706 F.3d 820, that "an error in calculating a defendant's Guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the Guidelines were mandatory rather than merely advisory."  *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit").  The Seventh Circuit reaffirmed these holdings in *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019), finding that *Hawkins* and *Coleman* foreclosed relief in a *Mathis* challenge brought under 28 U.S.C. § 2255 because the sentence was imposed based on "combined considerations from the advisory Guidelines and the appropriate factors."  *Id.*

Recently the Seventh Circuit applied this principle to a § 2241 petition.  *Mangine v. Withers*, -- F.4th -- , 2022 WL 2447431 (7th Cir. July 6, 2022).  Mangine sought savings clause relief under § 2241, challenging his 2001 career offender enhancement, not because it impacted his original sentence (the enhancement did not change the applicable Guidelines range) but because it precluded him from reducing his sentence under 18 U.S.C. § 3582(c)(2).  *Id.* at *4.  The Seventh Circuit determined that the designation did not qualify as a miscarriage of justice, beginning by acknowledging that noting first its prior decisions finding that a miscarriage of justice had not occurred when a defendant was erroneously labeled a career offender but sentenced below the guideline range, *Millis v.*

*Segal*, 5 F.4th 830, 835 (7th Cir. 2021), and when the error actually impacted the Guidelines range because the sentence was still below the statutory maximum, *Hawkins*, 706 F.3d at 824-25.  The court acknowledged that because Mangine had been sentenced before the Supreme Court held in *United States v. Booker*, 542 U.S. 220 (2005), if an error had occurred at the time of his sentence, he would have suffered a miscarriage of justice. However, because Mangine was not actually arguing that his original sentence was unlawful, he did not suffer a miscarriage of justice.  *Id.* at *4.

Applying that reasoning to Eaton's petition, it does not appear he suffered a miscarriage of justice.  Although Eaton challenges his § 851 enhancement, the sentence actually imposed was not a product of that enhancement or the mandatory minimum of life in prison.  Rather, the court accepted the government's request for a downward departure and then calculated Eaton's sentence under the advisory Guidelines.  For that reason, the court believes Eaton's circumstances are distinguishable from those before the court in *Chazen v. Marske*, 938 F.3d 851, 853 (7th Cir. 2019), where the petitioner challenged the enhanced minimum sentence that was actually imposed.  Even assuming the mandatory life imprisonment was an improper starting point, the 223-month term of imprisonment was far below the 40-year statutory maximum that would have applied absent the enhancement.  Therefore, any error the court may have committed by accepting that the mandatory minimum of life imprisonment was in play cannot amount to a constitutional defect.  *See Faulkner v. United States*, No. 1:20-cv-1339, 2021 WL 3074157, at *3 (C.D. Ill. July 20, 2021) ("[M]isapplying a sentencing enhancement that increases the statutory minimum and maximum sentence likewise does not create a miscarriage of

justice when the sentence actually imposed is below the statutory maximum absent the challenged conduct.") (citing *Hawkins*, 706 F.3d at 824-25).

Accordingly, it would appear that *Hawkins* applies, and Eaton cannot rely on *Mathis* or any other change in the law to challenge his sentence in a post-conviction proceeding. Before dismissing this petition for that reason, the court will give Eaton the opportunity to show cause as to why *Hawkins*, *Hanson*, and *Mangine* do not preclude him from seeking post-conviction relief with respect to his § 851 enhancement.  If Eaton shows that his claim is viable, the court will dismiss this petition, without prejudice to Eaton renewing it on the same grounds once the Supreme Court issues *Jones*.

### ORDER

IT IS ORDERED that:

1. Petitioner Clifford Eaton's motion to amend (dkt. #5) is GRANTED.

2. Eaton's motion for appointment of counsel (dkt. #3) is DENIED as moot.

3. Eaton's motion to stay (dkt. #10) is DENIED.

4. Eaton has until **August 19, 2022,** to show cause as to why this petition should not be dismissed with prejudice.

Entered 1st day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge