IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIFFORD EATON,

               Petitioner,

v.

M. MARSKE,

               Respondent.

OPINION AND ORDER

21-cv-482-wmc

---

Through counsel, petitioner Clifford Eaton seeks relief from his previously imposed criminal sentence under 28 U.S.C. § 2241 and *United States v. Mathis*, 136 S. Ct. 2243 (2016). In particular, petitioner seeks to stay any ruling by this court pending the United States Supreme Court's decision in *Jones v. Hendrix*, 21-851, which is expected to address the limits of savings clause relief available under § 2241. Previously, the court denied Eaton's request for a stay because § 2241 has no statute of limitations and does not limit successive petitions. The court also directed Eaton to show cause as to whether the Court of Appeals for the Seventh Circuit's decision in *Hawkins v. Coleman*, 706 F.3d 820, 823 ("*Hawkins I*"), *supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013) ("*Hawkins II*"), and its progeny, preclude relief under § 2241. Having reviewed petitioner's response, the court holds that Eaton has not shown that he suffered miscarriage of justice under current Circuit precedent, even if the Supreme Court's ruling does not narrow the relief available under § 2241. Therefore, the court must deny his petition on the merits.

OPINION

Eaton was indicted in the District of North Dakota on one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Eaton v. United States*, No. 1:12-cv-84-DLH (D.N.D.). The government further filed a notice of its intention to seek a sentencing enhancement under 21 U.S.C. § 851, based on his two, earlier felony drug convictions for possession of a controlled substance (methamphetamine) with intent to deliver in 2004; and for possession of a controlled substance (cocaine) in 1986, both in violation of Illinois Revised Statutes, 1983, as amended Ch. 56 ½, Section 1402(B). Ultimately, Eaton and the government entered into a plea agreement, which the district court accepted along with Eaton's guilty plea.

Before sentencing, however, the government filed a motion for downward departure based on substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, which the court granted while still imposing a 223-month term of imprisonment.

In his petition before this court, Eaton argues that his 1986 Illinois drug conviction no longer qualifies as a "felony drug offense" as currently defined in 21 U.S.C. § 802(44), citing the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2443 (2016). And because this would mean he was improperly subjected to a life sentence, Eaton contends he is entitled to immediate release or resentencing. Under Seventh Circuit law, however, to succeed on a petition brought under § 2241, Eaton must meet the requirement of the so-called, "savings clause" in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). *See In re Davenport*, 147 F.3d 605, 608–12 (7th Cir. 1998) (discussing the savings clause's purpose and development of case law). The court

2

previously found that Eaton could meet *two* of the three requirements to get the benefit of the savings clause, but may not meet the third, which requires a showing that he suffered a miscarriage of justice. (Dkt. #11, at 5-7.)

Specifically, in *Hawkins II*, the court of appeals reaffirmed its previous holding in *Hawkins I*, that "an error in calculating a defendant's Guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the Guidelines were mandatory rather than merely advisory." 724 F.3d at 916; 706 F.3d 820; *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins II* is "the law of this circuit"). The Seventh Circuit reaffirmed these holdings once again in *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019), finding that *Hawkins* and *Coleman* foreclosed *Mathis* relief brought under 28 U.S.C. § 2255, because the sentence was imposed based on "*combined* considerations from the advisory Guidelines and the appropriate factors." *Id.* (emphasis added). Even more recently, the Seventh Circuit applied this same principle in the context of a petition seeking savings clause relief under § 2241. *See Mangine v. Withers*, -- F.4th -- , 2022 WL 2447431 (7th Cir. July 6, 2022) (no miscarriage of justice because the erroneous career offender enhancement did not actually increase the applicable Guidelines range).

Based on this line of cases, the court directed Eaton to show cause as to why his petition should not be dismissed because he cannot show a miscarriage of justice. While Eaton's response acknowledges this line of cases, he still does not address them. Instead, Easton would direct the court to the United States Supreme Court's decision in *Koons v. United States*, 138 S. Ct. 1783 (2018). However, the question before the Court in *Koons*

3

was whether petitioners who received downward departures for substantial assistance were entitled to sentence reductions under 18 U.S.C. § 3582(c), making petitioners eligible for resentencing under retroactive Guidelines if they had been sentenced "based on a sentencing range" that had subsequently been lowered by the U.S. Sentencing Commissioner. *Id.* at 1787. However, the Court held that those petitioners were *not* entitled to resentencing under § 3582(c) because the court had already departed downward from the mandatory minimum at their original sentencing, relying on "substantial assistance factors," rather than a particular Guidelines range. *Id.* at 1788.

Counsel asks the court to extend the reasoning in *Koons* to find that Eaton's sentence was the product of a mandatory minimum, not the Guidelines. Not only does counsel cite no authority for this extension, but the *Koons* Court did not address whether petitioners suffered a miscarriage of justice; rather, the Court's analysis was limited to whether the petitioners were sentenced under a specific Guidelines range. Yet the miscarriage of justice analysis does not turn on whether a sentence can be categorized as either a Guidelines sentence or a mandatory minimum sentence, but on whether the sentence actually imposed was unlawful. *See Mangine v. Withers*, 39 F.4th 443, 449 (7th Cir. 2022) ("Mangine is not claiming that the imposed 360-month sentence for his crimes is unlawful. So he is not 'test[ing] the legality of his detention,' 28 U.S.C. § 2255(e), and did not suffer a miscarriage of justice . . . .").

Said another way, this court understands that if Eaton were resentenced without an § 851 enhancement, the sentencing court could again reimpose the same 223-month sentence originally imposed. Indeed, petitioner's counsel neither suggests that Eaton

4

would be entitled to a lower sentence nor otherwise explains how Eaton suffered a miscarriage of justice. Accordingly, the court will deny Eaton's petition and direct the clerk to close this case.

ORDER

IT IS ORDERED that:

1. Petitioner Clifford Eaton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to close this case.

Entered 31st day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge